UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
NOV 27 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-30-GWU

RICHARD A. SMITH,                              PLAINTIFF,

VS:                 MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT,

## INTRODUCTION

Richard Smith brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Smith, a 52 year-old former retail store stocker and tire store peddler with a high school education, suffered from impairments related to valvular heart disease (being status post aortic valve replacement), chronic obstructive pulmonary disease, hyperlipidemia, hypertension, and obesity. (Tr. 19, 22). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 26). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 26). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 25).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert

5

Katherine Bradford included an exertional limitation to medium level work along with such non-exertional limitations as the need for a sit/stand option and a need to avoid exposure to heights, machinery, vibration, temperature extremes, or humidity. (Tr. 595). In response, Bradford identified a significant number of light level jobs which could still be performed. (Tr. 596). The ALJ then presented an alternative hypothetical question including an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally bend, squat, crawl, balance, stoop or climb; (2) a need to avoid exposure to fumes, smoke, and temperature extremes; and (3) an inability to perform vigorous walking. (Tr. 596). The witness testified that the aforementioned jobs could still be performed. (Tr. 596). Therefore, assuming that the vocational factors considered by Bradford fairly depicted Smith's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Smith was found capable of performing a restricted range of medium level work in an administrative decision which became final on August 24, 2000. (Tr. 196-204). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ's findings of a restricted range of medium

6

level work is in accord with these directives.

Dr. Robert Hoskins, an examining source, precluded heavy lifting but indicated that Smith would be able to perform light lifting as well as occasional bending, squatting, crawling and balancing. (Tr. 526). Exposure to fumes, smoke and temperature extremes were also recommended. (Tr. 526). The hypothetical factors considered by Bradford were compatible with this opinion. The hypothetical factors were also essentially consistent with the opinions of Dr. Parandhamulu Saranga (Tr. 470-480), Dr. David Swan (Tr. 481-489), and Dr. Timothy Gregg (Tr. 505-513), the non-examining medical reviewers. The vocational factors were also consistent with the limitations suggested by Dr. Leonard Sommer who testified at the administrative hearing as a medical advisor. (Tr. 588-589). No physician of record reported the existence of more severe physical restrictions than those presented by the ALJ to Bradford during the time period pertinent to this appeal.[1] These reports provide substantial evidence to support the administrative decision.

Smith argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Smith was found to be suffering from a potentially

---

[1] The relevant time period was noted by the ALJ to begin August 25, 2000 and runs through the February 22, 2006 date of the ALJ's denial decision. (Tr. 18).

7

painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. As previously noted, the ALJ's findings were compatible with all of the physicians who expressed an opinion with regard to the plaintiff's ability to perform work activities. Dr. Thomas Rankin saw the plaintiff in connection with his cardiac problems and reported no symptoms of angina, heart failure, or significant cardiac arrhythmia. (Tr. 535). Despite complaints of shortness of breath (Tr. 523), the claimant continued his cigarette smoking habit (Tr. 358, 577). Dr. Hoskins found only borderline abnormalities on an EKG. (Tr. 525). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Smith's pain complaints.

Smith asserts that the ALJ erred by failing to adequately consider the combination of his impairments. However, the undersigned has already concluded that the hypothetical question fairly characterized the plaintiff's condition. Therefore, the ALJ implicitly considered all of the claimant's impairments in combination.

Finally, Smith asserts that the ALJ arbitrarily found him to be able to perform light level work. However, the plaintiff cites no evidence in support of this argument. As previously noted, all of the ALJ's finding with regard to the claimant's residual functional capacity was well-supported in the medical record. Therefore, the Court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the defendant. A separate judgment and order will be

8

entered simultaneously consistent with this opinion.

This the 29 day of November, 2006.

*G. Wix Unthank*
G. WIX UNTHANK
SENIOR JUDGE

9